**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 04-1114**

─────────────

CRYSTAL O. SABROWSKI,

                              Plaintiff - Appellant,

        versus

ALBANI-BAYEUX, INCORPORATED; ERIN LITAKER;
ROBERT RICHARDSON,

                              Defendants - Appellees.

─────────────

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.   James A. Beaty, Jr.,
District Judge. (CA-02-728-1)

─────────────

Submitted: January 31, 2005      Decided: February 25, 2005

─────────────

Before GREGORY and SHEDD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Richard W. Rutherford, RUTHERFORD AND ASSOCIATES, Raleigh, North
Carolina, for Appellant. Robert E. Sheahan, ROBERT E. SHEAHAN &
ASSOCIATES, High Point, North Carolina, for Appellees.

─────────────

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Crystal O. Sabrowski appeals from the judgment of the district court dismissing her complaint for failure to state a claim upon which relief can be granted. Finding no error, we affirm.

This court reviews dismissals for failure to state a claim de novo. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). Dismissal under Rule 12(b)(6) is inappropriate unless it appears beyond doubt that the plaintiff can prove no set of facts to support her allegations. Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir. 1989) (citations omitted). Thus, when considering the propriety of a dismissal, we accept the factual allegations in the complaint as true and afford the plaintiff the benefit of all reasonable inferences that can be drawn from those allegations. Mylan Labs., 7 F.3d at 1134.

Sabrowski first claims that the district court erred in dismissing her claims of intentional and negligent infliction of emotional distress. In North Carolina, to recover under a claim of intentional infliction of emotional distress, "a plaintiff must prove '(1) extreme and outrageous conduct, (2) which is intended to cause and does cause (3) severe emotional distress to another.'" Beck v. City of Durham, 573 S.E.2d 183, 190-91 (N.C. Ct. App. 2002) (quoting Dickens v. Puryear, 276 S.E.2d 325, 335 (N.C. 1981)). To give rise to liability, the conduct must be "so outrageous in

- 2 -

character and so extreme in degree, as to go beyond all possible bounds of decency, and . . . be regarded as atrocious and utterly intolerable in a civilized community." Keziah v. W.M. Brown & Son, Inc., 888 F.2d 322, 327 (4th Cir. 1989) (quoting Hogan v. Forsyth Country Club, 340 S.E.2d 116, 123 (N.C. Ct. App. 1986)).

We have reviewed the record as well as the supporting caselaw contained in Sabrowski's brief. Taking her allegations at face value, as we must at this stage of the proceedings, see Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993), we cannot conclude that Defendants' conduct was so outrageous or extreme as to give rise to liability under North Carolina law.[*] Accordingly we deny this claim.

Sabrowski next assigns error to the district court's dismissal of her wrongful discharge claim. As a general rule in North Carolina, an at-will employee has no claim for wrongful discharge. See Lorbacher v. Housing Auth. of Raleigh, 493 S.E.2d 74, 79 (N.C. Ct. App. 1997); see also Guy v. Travenol Labs., Inc., 812 F.2d 911, 912-15 (4th Cir. 1987). Although the North Carolina courts have expressed a limited willingness to recognize an exception to the at-will employment doctrine for reasons of public policy, see id., those exceptions have been "designed either to prohibit status-based discrimination or to insure the integrity of

---

[*]We also agree with the district court that Sabrowski's characterization of Defendants' intentional acts cannot establish a cause of action for negligent infliction of emotional distress.

- 3 -

the judicial process or the enforcement of the law." Kurtzman, 493 S.E.2d at 423. In determining what is or is not public policy, the courts look to the "policy declarations contained in the North Carolina General Statutes." Amos v. Oakdale Knitting Co., 416 S.E.2d 166, 169 (N.C. 1992).

Sabrowski has not identified, and we have not found, any North Carolina authority establishing a public policy that shields one's medical records from her employer. As a consequence, we cannot conclude that Sabrowski's discharge was done in violation of North Carolina's public policy.

Finally, Sabrowski assigns error to the district court's dismissal of her invasion of privacy claim. North Carolina courts recognize an invasion of privacy claim only in those circumstances where one (a) appropriates another's name or likeness, or (b) intrudes into the seclusion of one's private affairs. See Hall v. Post, 372 S.E.2d 711, 713-14 (N.C. 1988). Although the disclosure of one's private personnel files and medical records amounts to a per se intrusion into seclusion if the records contain sensitive materials, see Toomer v. Garrett, 574 S.E.2d 76 (N.C. Ct. App. 2002), Sabrowski can point to no disclosure of her medical records. Indeed, the record indicates that Sabrowski's employer never had access to, much less disclosed, her medical records. Accordingly, this claim is meritless.

We affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED